UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ESSEX INSURANCE COMPANY,

    Plaintiff,

    v.              C.A. No. 14-241 ML

WESTERLY GRANITE COMPANY, INC.,
EDWARD P. BALBAT, DANIELLE BALBAT,
STEVE DUBOIS, CHERYL DUBOIS, LOUIS
PUCCI and NANCY PUCCI,

    Defendants.

## MEMORANDUM AND ORDER

This is a declaratory judgment action brought by an insurance company against its insured and third party tort claimants. The matter is currently before the Court on Defendants', Edward and Danielle Balbat, Steven and Cheryl Dubois (collectively the "Moving Defendants"), motion to dismiss for misjoinder pursuant to Fed. R. Civ. P. 21. Plaintiff, Essex Insurance Co. ("Essex"), and defendant, Westerly Granite Company, Inc. ("Westerly"), object. For the reasons stated herein, the Court denies the motion.

### I. Background

The Moving Defendants and Louis and Nancy Pucci have filed an action in Rhode Island Superior Court ("underlying action") against Westerly and others. In the underlying action, the Moving Defendants and the Puccis claim damage to real property caused by quarrying operations on property owned by Westerly. Essex brings this action seeking a determination of

1

the rights and obligations of the parties pursuant to several commercial liability insurance policies issued by Essex to Westerly. Essex seeks a declaration from this Court that it owes no coverage, defense, or indemnification for any claims asserted against Westerly in the underlying action. In response, Westerly counterclaims and seeks a declaratory judgment that it is entitled to coverage, defense, and/or indemnification from Essex.[1]

## II. Contentions

The Moving Defendants contend that they are not proper parties and should be dismissed from this action pursuant to Fed. R. Civ. P. 21. The Moving Defendants argue that the complaint does not raise any claims against them or allege a justiciable controversy between Essex and the Moving Defendants.[2] The Moving Defendants argue that: (1) they are not necessary and indispensable parties pursuant to the Rhode Island Declaratory Judgment Act, R.I. Gen. Laws § 9-30-1 et seq.; (2) they are not required parties under Fed. R. Civ. P. 19; and, (3) they should not be joined as parties under Fed. R. Civ. P. 20. Essex and Westerly object and argue that the Moving Defendants should not be dismissed from this suit because: (1) they are indispensable and proper parties under the Rhode Island Declaratory Judgment Act; (2) they are required parties under Fed. R. Civ. P. 19; and, (3) even if they are not required parties under Rule 19, the Moving Defendants meet the standards for permissive joinder under Fed. R. Civ. P. 20.

## III. Analysis

"Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The

---

[1]Westerly has also filed a cross claim against the Moving Defendants and the Puccis.

[2]The Moving Defendants make similar arguments concerning the counter and cross claim.

2

determination of whether a party has been misjoined lies with the discretion of the district court. Beaulieu v. Concord Group Ins. Co., 208 F.R.D. 478 (D.N.H. 2002).

Jurisdiction in this matter is based in diversity of citizenship. Federal courts deciding matters based in diversity apply federal procedural law and state substantive law. Alejandro-Ortiz v. Puerto Rico Electric Power Authority, 756 F.3d 23 (1st Cir. 2014). "Since the Declaratory Judgment Act [28 U.S.C. § 2201] is procedural in nature, federal law controls the question of whether a district court may grant declaratory relief in a given case." Providence Journal Co. v. Travelers Indemnity Co., 938 F. Supp. 1066, 1079 (D.R.I. 1996); see generally Standard Fire Insurance Co. v. Sassin, 894 F. Supp. 1023, 1025-1026 (N.D. Tex. 1995) (in "this declaratory judgment action, in which subject matter jurisdiction is based solely on diversity, federal law governs whether a justiciable controversy exists within the purview of the Declaratory Judgment Act"); Provident Tradesmens Bank & Trust Co. v. Patterson 390 U.S. 102, 125 n.22 (1968) ("in a diversity case the question of joinder is one of federal law"). Thus, the Court need not address the parties' contentions made pursuant to the Rhode Island Declaratory Judgment Act, R.I. Gen. Laws § 9-30-1 et seq.

The Declaratory Judgment Act gives the court authority in "a case of actual controversy within its jurisdiction" to "declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201. "The Act's case of actual controversy requirement refers to the type of [c]ases and [c]ontroversies that are justiciable under Article III." Sevigny v. United States, Civil No. 13-cv-401-PB, 2014 WL 3573566, at *4 (D.N.H. July 21, 2014) (internal quotation marks and citation omitted). The Act is designed to "enable parties to clarify legal rights and obligations before acting upon them." Atlas Copco Construction

Tools, Inc. v. Allied Construction Products LLC., 307 F. Supp. 2d 228, 232 (D. Mass. 2004) (internal quotation marks and citation omitted). "Generally, all interested parties should be joined in a declaratory judgment action whenever possible, in keeping with the purpose of the Declaratory Judgment Act to fully and finally adjudicate the controversy at issue." RFF Family Partnership, LP v. Link Development, LLC, 849 F. Supp. 2d 131, 137 (D. Mass. 2012) (internal quotation marks and citation omitted).

> Where an insured is being sued by a tort claimant, and there is a <u>genuine controversy</u> between the insurer and the insured as to whether the tort liability thus being asserted is of a type covered by the contract of indemnity, and whether therefore the insurer is under an immediate contractual obligation to defend the suit on behalf of the insured, <u>it has been held that a federal court may entertain a complaint by the insurer for a declaratory judgment, naming the insured and the tort claimant as defendants</u>.

Indemnity Insurance Co. of North America v. Kellas, 173 F.2d 120, 124 (1st Cir. 1949) (emphasis added) (citing Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941) and Maryland Casualty Co. v. United Corp. of Massachusetts, 111 F.2d 443 (1st Cir. 1940)).

This declaratory judgment action was commenced by Essex, the insurer. Essex and Westerly dispute whether coverage is available under the applicable policies – thus, a genuine controversy exists between the insurer and the insured regarding coverage in the underlying action. See generally Kellas, 173 F.2d at 124. In the instance where such controversy exists, if a federal court may entertain a complaint by the insurer for a declaratory judgment naming the insured and the tort claimants as defendants, see generally id., certainly the tort claimants are proper defendants. See generally Navigators Insurance Co. v. K&O Contracting, LLC, No. 3:12-cv-01324-ST, 2013 WL 1194722, at *2 (D. Or. Jan. 10, 2013) (noting that there is "no doubt that a third-party claimant is a <u>proper</u> party to a declaratory relief action between the insurer and its

4

insured to determine the scope of insurance coverage") (emphasis in original), report and recommendation adopted, 2013 WL 1194715 (D. Or. March 21, 2013); Liberty Corporate Capital, Ltd v. El Bannan, No. 506-CV-215-R, 2009 WL 860358, at *2 (W.D. Ky. March 27, 2009) (citing Pacific Coal & Oil Co. for the proposition that "[t]ort claimants are proper party defendants to an insurance company's declaratory judgment action for non-coverage of an insurance policy").

The joinder of the Moving Defendants in this action protects against the danger of conflicting interpretations of the contract of insurance. See Pacific Coal & Oil, 312 U.S. at 274. Furthermore, any ruling interpreting the policy would not be binding on the Moving Defendants if they are not parties to the proceeding. See generally Eagle-Pichen Industries, Inc. v. Liberty Mutual Insurance Co., 682 F.2d 12, 16 n.1 (1st Cir. 1982) (disposition of case is not legally binding on non-parties).[3]

For these reasons, the Moving Defendants' motion is denied.

SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
October 7, 2014

---

[3]The Court need not decide whether the Moving Defendants are necessary and/or indispensable parties, as they are proper parties to this declaratory judgment action. See generally Fed. R. Civ. P. 20.